# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| REV. DAVID HUDSON individually and on | § | |
| behalf of those similarly situated | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-246 (TJW) |
| | § | |
| THE STATE OF TEXAS through the | § | |
| TEXAS RAILROAD COMMISSION | § | |
|     Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss based on Defendant's immunity under the Eleventh Amendment to the United States Constitution (#4).  In his response to Defendant's motion, Plaintiff stated that an amended complaint was going to be filed naming individual members of the Texas Railroad Commission, in their official and individual capacities, in this suit.  The Court granted leave to file an amended complaint on November 22, 2006.  No amended complaint has been filed yet.  Therefore, this Court cannot address any allegations against individual members of the Texas Railroad Commission, in their official or individual capacities.  Plaintiff is ORDERED to file an amended complaint within 30 days of this order or Defendant's motion to dismiss will be granted for the reasons set forth below.

The Eleventh Amendment generally bars suits against states in federal court. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987).  A state may be sued in federal court if the state has expressly consented to suit. *Id*. at 473 (citations omitted).  A state may consent to suit if 1) it voluntarily invokes federal court jurisdiction, or 2) it voluntarily makes a "clear declaration" that it intends to submit to federal court jurisdiction. *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236,

241 (5th Cir. 2005) (citations omitted).  Here, the plaintiff does not dispute that the Texas Railroad Commission is an arm of the State of Texas.  As such, the plaintiff is barred from bringing suit unless the State of Texas has expressly consented to federal court jurisdiction.  To support his claim that the State of Texas has consented to federal court jurisdiction, the plaintiff cites to two Texas statutes and the Constitution of Texas.  *See Plaintiff's Response to Defendant's Motion to Dismiss*.  However, none of these sources of law amounts to consent to federal court jurisdiction and, therefore, the Eleventh Amendment bars the plaintiff's claims against the State of Texas.

A state's sovereign immunity may be abrogated without the state's consent in order to enforce the substantive portions of the Fourteenth Amendment.  *Welch*, 483 U.S. at 474.  In this case, the plaintiff alleges violations of the Fourteenth Amendment in his original complaint.  These allegations, however, are merely conclusory statements about the violation of fundamental rights.  The Court grants the plaintiff leave to amend his complaint, if he so chooses and within 30 days of this order, to make specific allegations as to how the State of Texas has violated his Fourteenth Amendment rights.

SIGNED this 29th day of December, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE